UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

        Petitioner,

v.                                    Case No. 2:16-cv-821-JES-MRM

SECRETARY, DOC, and
FLORIDA ATTORNEY GENERAL,

        Respondents.

_____

## OPINION AND ORDER

This matter is before the Court on the second amended 28 U.S.C. § 2254 petition for habeas corpus relief filed, through counsel, by Brian M. Casey, a prisoner of the Florida Department of Corrections.  (Doc. 75).  Casey attacks the manslaughter conviction and sentence entered by the Twentieth Judicial Circuit Court, in and for Lee County, Florida.  (Id.)

Respondents move the Court to dismiss the second amended petition as untimely because each of the claims raised in the petition was filed after the expiration of the one-year statute of limitation for 28 U.S.C. § 2254 habeas petitions.  (Doc. 104).  In reply, Casey argues that the Court should consider the petition on the merits because: (1) the petition was timely; (2) the arguments in the second amended petition relate back to the timely-filed original petitions; or (3) equitable tolling applies because

Casey's mental impairment prevented him from timely filing a "rational and reality-based petition." (Doc. 105 at 1).[1]

Upon careful review of the docket and the pleadings in this case, the Court concludes that it cannot reach the merits of the claims raised in the second amended petition because, as explained below, the pleadings, exhibits, and attachments before the Court establish that it must be dismissed as untimely. However, to the extent Petitioner is able to do so, he may file a third amended complaint raising claims that relate back to the timely claims filed in his original petition.

## I.   Background and Procedural History

### A.   Relevant State Court Proceedings

On December 14, 2010, the State charged Casey with one count of second-degree murder in case number 10-CF-019945. (Doc. 104-2 at 2). On September 7, 2012, Casey entered a negotiated no-contest plea to the reduced charge of manslaughter by a habitual violent felony offender. (Id. at 19-20). The trial court sentenced Casey to fourteen years in prison followed by sixteen years of probation. (Id. at 71).[2] Casey timely appealed, but he voluntarily dismissed

---

[1] In a "Notice of Supplemental Authority" filed on March 12, 2022, Petitioner also argues that he is entitled to equitable tolling because the district court granted him extensions of time to amend his petition. (Doc. 141).

[2] Petitioner is also serving a life sentence for second-degree murder in case number 10-CF-019724 that is the subject of a different habeas proceeding in this Court. (See Case No. 2:15-

the appeal on July 17, 2014.  <u>Casey v. State</u>, 162 So. 3d 998 (Fla. 2d DCA 2014).

On August 14, 2014, Casey filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Rule 3.850 Motion).  (Doc. 104-2 at 5–242).  He amended the Rule 3.850 Motion on November 3, 2014.  (Doc. 104-4 at 2–234).  The postconviction court denied the Rule 3.850 Motion (Doc. 104-5 at 2–145), and Florida's Second District Court of Appeal (Second DCA) affirmed per curium on April 27, 2016.  <u>Casey v. State</u>, 190 So. 3d 638 (Fla. 2d DCA 2016).  Mandate issued on June 1, 2016.  (Doc. 106-5 at 2).

On March 10, 2016, Casey filed a motion to withdraw his plea under Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Doc. 104-5 at 152).  The postconviction court denied the Motion (<u>id.</u> at 158–59), and although Casey appealed the postconviction court's denial, he voluntarily withdrew his appeal on July 6, 2016. (Doc. 104-6 at 59).

### B.   Federal Habeas Proceedings

Casey signed his first 28 U.S.C. § 2254 petition on November 2, 2016.  (Doc. 1).[3]  He raised the following five claims in the petition:

---

cv-696-FtM-JLB-MRM (Case 2:15-cv-696)).

[3] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was

**Ground 1.** A physical altercation between Petitioner and trial counsel rendered his plea involuntary, in violation of the Sixth Amendment;

**Ground 2.** Appellate counsel refused to file a direct appeal and the sentencing transcripts were altered on the appellate record;

**Ground 3.** Trial counsel was ineffective for failing to preserve his appellate rights and for failing to advise him to reject a plea agreement on speedy trial and discovery violations;

**Ground 4.** Trial counsel was ineffective for failing to file a motion to disqualify the judge based on the judge's "unfair hearings on a motion to suppress"; and

**Ground 5.** Trial counsel was ineffective for failing to advise Petitioner to reject his plea on the ground that the judge should have been recused.

(Doc. 1 at 4-9). Before Respondents answered the petition, Casey filed a motion to appoint counsel along with an amended petition. (Docs. 9. 10).

In his amended petition, Casey appeared to conflate and confuse issues from his second-degree murder trial (the conviction at issue in Case 2:15-cv-696) with those from his plea-based manslaughter conviction. The seven claims raised in the amended *pro se* petition, as stated by Casey, are as follows:

---

signed. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

**Ground 1.**  The Defendant was denied a First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and the plea is void;[4]

**Ground 2.**  The Defendant was denied his Sixth Amendment right to counsel and First, Fourth, Fifth, and Fourteenth Amendment rights to post-conviction proceedings. Counsel [had no] authority to represent Petitioner terminated and the Plea is void;

**Ground 3.**  The Defendant was denied a Sixth Amendment Right to effective counsel that would not challenge Sixth Amendment Speedy Trial violations of Fla. R. Crim. P. § 3.191 violations.   Counsel refused to preserve Appeal Rights and misrepresented to client his legal standing in the Plea Agreement;

**Ground 4.**  The Defendant was denied a Sixth Amendment right to effective counsel that failed to recuse Judge Edward Volz and Defendant feared trial with a judge that rigged his murder trial in [a] related case and denied legally sufficient Motions to disqualify.   Counsel refused to seek prohibition proceedings and plea is involuntary;

**Ground 5.**  The Defendant was denied a Sixth Amendment right to effective counsel that did not seek rehearing on a Motion to Suppress Statements, denied on December 13th, 2011 in a fundamentally unfair hearing without evidence or witnesses requested on December 5th, 2011; where the Court informed the Defendant subpoenas would issue, but then held the hearing by surprise to produce a harsh outcome.   The Defendant was denied a Fourteenth Amendment right to appeal where the court changed the transcripts of said hearing to hide judicial misconduct during the hearing

---

[4]  In this claim, Casey argues that he has suffered unconstitutional conditions of confinement and complains that he had been barred from filing pro se pleadings in state court.  (Doc. 10 at 7-8).

of the judge limiting cross examination of Ann
Shields by the Defendant on issues of
credibility to prevent discovery of evidence
and witness tampering by detectives. Counsel
should have recused judge and motioned for
rehearing to include Faretta violations;

**Ground 6.** The State withheld evidence of
Casey's initial arrest on October 20th, 2010
violating a mutual aid agreement with Cape
Coral Florida. Where Detectives fabricated
evidence, refused to collect evidence of
another person's involvement in murder, and
tampered with witnesses to form probable cause
to arrest Casey for first degree murder and
there were no intervening events to cure the
taint of the illegal arrest and Casey's
November 2nd, 2010 false and involuntary
confession to the murder of Larrick Sikes
while in custody resulting in an involuntary
plea. The State has violated Petitioner's
First, Fourth, Fifth, Sixth, and Fourteenth
Amendment rights; and

**Ground 7.** The Defendant has been denied
First, Sixth, and Fourteenth Amendment rights
by appointed counsel. The plea is involuntary
and the appellate record contains false
transcripts.

(Doc. 10 at 5–15). In attachments to the petition, including a

41-page memorandum of supporting facts, Casey argued that the state

court judge "rigged" his second-degree murder trial to cover

corruption and that the detectives who investigated the murders

"staged a police ambush of Casey to murder him with the help of

Melissa Alvarez." (Doc. 10-14 at 2). He also argued that the

police altered evidence implicating him in a different murder and

that "detectives had [Melissa Alvarez] scar Casey's skin with the

caliber of the weapon used to murder Vanderson[5] and question marks with sandal strap pictures on his feet and pictures of crime scene photographs of Vanderson's dog." (Id.)   He asserted that the trial judge bribed Casey's counsel "with payments of thousands of dollars" to sabotage his case. (Id. at 5).   He urged that jail officials sabotaged his mail to remove pertinent pleadings and that the Supreme Court of Florida and the Second DCA refused to consider his motions and writs due to a bias against him. (Id. at 6).   He asserted that "[t]he State has had certain members of the media to harass Casey about his criminal convictions and appeals to cause fear, anxiety and discourage appeals." (Id. at 9).   He also asserted that the deputies at his jail would regularly take off his socks and joke about his feet because the "officers had Melissa Alvarez scar [his] feet and penis and those jokes were about the pictures that have developed over the years." (Id. at 33).

Most of Casey's complaints of trial court error concerned alleged fraud in Casey's second-degree murder trial, at issue in Case 2:15-cv-696.   However, he also alleged that "the State promised Casey that if he took the plea he would be discharged on speedy trial in his direct appeal on his convictions of murder and arson from [his earlier trial]." (Doc. 10-14 at 28).   On the same

---

[5] Ryan Vanderson is the name of the victim in Petitioner's second degree murder case (Case 2:15-cv-696).

day that he filed the amended petition, Casey also filed an objection to the referral of his petition to the magistrate judge and a motion for discovery. (Doc. 11). In those pleadings, he expanded on many of the same allegations made in his amended petition. (Id.)

On January 12, 2017, the Court appointed the Federal Public Defender (Counsel) to represent Casey. (Doc. 13).[6] The Court found that, if true, Casey's allegations regarding the State's interference with his right to file a direct appeal of his criminal conviction (raised in his initial section 2254 petition) stated "a constitutional claim with a fair likelihood of success on the merits." (Id. at 2). The Court further found that:

> Petitioner has difficulty setting forth his claims or otherwise communicating with the Court. As demonstrated in his numerous pleadings and motions in case 2:15-cv-696, Petitioner appears to hold unrealistic beliefs regarding the circumstances surrounding his trial and incarceration. As a result, the Court cannot effectively evaluate Petitioner's *pro se* pleadings. Finally, due to Petitioner's mental condition and incarceration, Petitioner is "severely hampered" in his ability to pursue his habeas claims without the aid of counsel.

(Id. at 2–3). The Court allowed Counsel through May 12, 2017, to file an amended 28 U.S.C. § 2254 petition. (Id. at 3).

---

[6] The Court had already appointed the Federal Public Defender to represent Petitioner in Case 2:15-cv-696.

On March 14, 2017, Counsel moved for an extension of time to file the amended petition.  (Doc. 23).  Counsel complained that the records in this case, and in Case 2:15-cv-696 were hundreds of pages long, and "[f]erreting out issues from [Casey's numerous pro se pleadings] is challenging, but possible."  (Id. at 3).  The Court granted the motion, and directed Casey to file an amended habeas petition by August 1, 2017.  (Doc. 27).

Although Counsel was appointed, Casey continued to file numerous *pro se* motions and pleadings that were either denied, or returned without action.  (Docs. 16-19, 21, 22).  Thereafter, Casey filed a notice of interlocutory appeal on the denial of his motion to appoint a different attorney, asserting that Counsel "would not abide by [his] directives."  (Docs. 19, 28).  Because the issues raised by Casey in his interlocutory appeal were similar to those in Case 2:15-cv-696,[7] the Court stayed this action on May 22, 2017 to await resolution of Casey's interlocutory appeal in Case 2:15-cv-696.  (Doc. 40).  On October 17, 2017, the Eleventh Circuit dismissed the interlocutory appeal in Case 2:15-cv-696 pursuant to Casey's motion for voluntary dismissal.  (See Case

---

[7]  In Case 2:15-cv-696, Petitioner filed a notice of interlocutory appeal, arguing *inter alia* that he should be allowed to proceed without counsel (even though he had requested that counsel be appointed).  Id. at Doc. 62.  The Eleventh Circuit allowed Petitioner's interlocutory appeal "to proceed to the extent Mr. Casey seeks review of the district court's denial of his motion to proceed *pro se*[.]"  Id. at Doc. 101.

2:15-cv-696 at docket entry 130).  The Court lifted the stay in this case on October 24, 2017, and ordered Casey to file his amended 28 U.S.C. § 2254 petition by January 22, 2018.  (Doc. 60). Casey filed the first counseled petition on January 22, 2018 (Doc. 65), and at the Court's direction, an amended counseled petition on February 20, 2018.  (Doc. 75). Casey raised the following claims in the second amended petition:

> **Ground One.**  Mr. Casey was taken through a guilty plea and sentencing while incompetent to proceed, in violation of his Substantive Due Process rights and the Fifth, Sixth, and fourteenth Amendments to the U.S. Constitution.
>
> **Ground Two.**  Mr. Casey was denied effective assistance of trial counsel (based upon failure to investigate and raise incompetency), in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.
>
> **Ground Three.**  The combination of all constitutional errors in this case violates Mr. Casey's due process rights provided by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

(Doc. 75 at 4, 7, 9).[8]

## II.  <u>Analysis</u>

**A.   A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation.**

Under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period

---

[8] Both counseled petitions raise the same claims.

of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state-court judgment.  This period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Here, Casey does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in sections 2244(d)(1)(B)-(D) apply.  Therefore, the limitations period is measured from the remaining statutory trigger, which is the date Casey's conviction became final.  28 U.S.C. § 2244(d)(1)(A).

## B.  Casey's original habeas petition was untimely under 28 U.S.C. § 2244(d)(1)(A).

Casey voluntarily dismissed the direct appeal of his conviction on July 17, 2014.  His conviction then became final on

October 15, 2014, ninety days after the voluntary dismissal. <u>See</u> <u>Chapman v. McNeil</u>, No. 3:08cv5/LAC/EMT, 2008 WL 2225659, at *3 (N.D. Fla. May 28, 2008) (recognizing that most courts in the Eleventh Circuit have concluded that a state conviction becomes final ninety days after the state appellate court grants the defendant's motion for voluntary dismissal of the appeal).

Casey filed his first pro se habeas petition on November 2, 2016. Therefore, it was filed 384 days late unless tolling principles apply to render it timely.

### C. Casey is entitled to statutory tolling on his pro se 28 U.S.C. § 2254 petitions.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On August 4, 2014—before his conviction became final under 28 U.S.C. § 2244(d)(1)—Casey filed his first Rule 3.850 Motion. The Rule 3.850 Motion remained "pending" (and tolled the AEDPA statute of limitation) until mandate issued on June 1, 2016. <u>See</u> <u>Woulard</u> <u>v. Sec'y, Dep't of Corr.</u>, 707 F. App'x 631, 633 (11th Cir. 2017) (recognizing that a state postconviction motion remains pending until the appellate court issues the mandate for its order affirming the trial court's denial of the motion). However,

because Casey's Rule 3.800(a) motion to withdraw his plea was still pending at that time, the AEDPA clock did not start to run again until Casey voluntarily withdrew the appeal of the denial of the Rule 3.800(a) motion on July 6, 2016.[9]   None of the one-year period to file his federal habeas had yet passed, so Casey had through July 6, 2017, to file a timely habeas petition.

Casey, acting pro se, filed his first 28 U.S.C. § 2254 petition in this Court 117 days later, on November 2, 2016, and he amended that petition on January 3, 2017.   Therefore, all claims raised in Casey's pro se petitions were timely.

D. **Casey is not entitled to statutory tolling for the new claims raised in the counseled petitions.**

On January 12, 2017, the Court directed Counsel to file an amended petition "or file a notice that [Petitioner] wishes to proceed on the claims set forth in the original petition" by April 12, 2017.   (Doc. 13).   If filed on that date, any new claims raised in the petition would have been timely.

---

[9] Counsel argues that the clock did not begin to run again until August 30, 2016, because the Rule 3.850 Motion remained pending for an additional 90 days after mandate issued "to allow for collateral review." (Doc 105 at 3).   However, the 90-day window to petition for certiorari review applies only to direct appeal, not to an application for state postconviction relief.   See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (recognizing that after the state's highest court has issued its mandate or denied review of a state postconviction motion, "no other state avenues for relief remain open" and "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.")   Accordingly, the Rule 3.850 Motion no longer tolled the statute of limitation after mandate issued on June 1, 2016.

Casey did not file a counseled habeas petition until January 22, 2018. (Doc. 65). At the Court's direction, he filed a second amended (counseled) petition on February 20, 2018. (Doc. 75). However, because Casey's AEDPA statute of limitation expired on July 6, 2017, any <u>new</u> claim filed after that date was outside of the one-year limitation period unless it related back to the claims raised in Casey's original pro se petitions. See <u>Zack v. Tucker</u>, 704 F.3d 917, 922-23 (11th Cir. 2013) (recognizing that the timeliness of a § 2254 petition "must be evaluated on a claim-by-claim basis").[10]

As noted, the new claims raised in Casey's counseled petitions question his competence to enter a no contest plea of manslaughter to the second-degree murder charge in case number 10-CF-019945. (Doc. 75 at 4, 7, 9). Respondents argue that each of these claims was raised for the first time in Casey's counseled petitions, and is therefore, untimely. (Doc. 104).

---

[10] That the Court stayed this action on May 22, 2017 (before the statute of limitation had passed) does not affect the calculation of statutory tolling under section 2244(d)(2). The Supreme Court has expressly determined that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and as a result, it would not toll the AEDPA statute of limitation. Moreover, even if the stay tolled the AEDPA time period—a conclusion <u>not</u> reached by this Court—the first counseled petition was still untimely. When the Court entered the stay, 45 days remained for Petitioner to file a counseled timely petition. The stay was lifted on October 24, 2017, but no petition was filed until 90 days later. (Doc. 65).

**E.     The claims in Casey's second amended petition do not relate back to those raised in Casey's original petitions.**

A claim filed outside the one-year limitation period (after accounting for tolling) may be heard in habeas proceedings if it relates back to a "common core of operative facts" uniting the original and newly-asserted claims.  Mayle v. Felix, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.")  As such, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Mayle, 545 U.S. at 640; see also Fed. R. Civ. P. 15(c)(1)(B).

Counsel argues that the nature of Ground One (that Casey was incompetent to enter a no contest plea) supports the contentions made by Casey in his timely *pro se* petitions that the plea was void.  (Doc. 105 at 7).[11]  In his *pro se* petitions, Casey complained of misconduct and fraud committed by police, the trial court judge, multiple defense attorneys, and the prosecutor. Liberally construed, Casey asserts that he was "tricked" into entering a guilty plea and was tricked into foregoing his appellate

---

[11] Petitioner concedes that Ground Two (alleging that trial counsel was ineffective for failing to investigate Petitioner's competency to enter a plea) does not relate back to the *pro se* petitions.  (Doc. 105 at 8).

rights.   However, he did not suggest at any point that he was tricked due to his incompetence or mental impairment or that he was in any other manner incompetent to enter the plea.

Although the fantastical allegations made in Casey's state and federal pleadings may support a conclusion that he suffered from a mental impairment when he filed those pleadings, a due process claim based on Casey's competency to enter a plea was simply not raised in his *pro se* petitions and was not timely raised in his counseled amended petitions.   The tenuous connection (that the plea was involuntary) between Casey's *pro se* claims of fraud and trickery by state actors and Counsel's claims of Casey's mental incompetence during his plea proceedings is not tied to a "common core of operative facts" such that Ground One of the second amended petition relates back to claims raised in the timely *pro se* petitions.[12]   See Ciccotto v. United States, 613 F. App'x 855, 859 (11th Cir. 2015) (finding that claims that counsel was ineffective for failing to request a competency evaluation and that the trial court erred by not ordering a competency evaluation did not relate back to the claims raised in the timely petition because nowhere in the grounds originally raised did the petitioner suggest that he "was actually incompetent to stand trial or sufficiently close

---

[12] The cases cited in Petitioner's "Notice of Supplemental Authority" (Doc. 131) do not change the Court's conclusion that Ground One of the second amended petition does not relate back to any timely-filed claim.

to incompetence such that an evaluation would be necessary"); Rodriguez v. Burge, No. 02 CV 4594(CBA), 2007 WL 13413, at *5 (E.D.N.Y. Jan. 2, 2007) (finding that the claim that trial counsel should have questioned whether the petitioner was competent to stand trial did not relate back to the original petition because the original petition "made no reference to [the petitioner's] mental state [or] his competency to stand trial"); Herrera-Genao v. United States, No. 12-6119, 2014 WL 6386807, at *11 (D.N.J. Nov. 14, 2014) (finding that the petitioner's claim of ineffective assistance for failure to seek a competency hearing did not relate back to claim that counsel was ineffective during plea negotiations).

**F.   Casey is not entitled to equitable tolling on the new claims raised in the counseled petition.**

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitation if he can show that: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance stood in his way to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). To satisfy the diligence requirement, a petitioner must show only "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653.

Counsel argues that Casey's ongoing mental impairment is an extraordinary circumstance that entitles him to equitable tolling of the AEDPA statute of limitation.  (Doc. 105 at 8-20).  In support, Counsel points to the *pro se* petitions filed by Casey at the outset of this case, noting that the defects in the original petitions led to Counsel's appointment.  (Id. at 13).  Indeed, when appointing Counsel, the Court found that Casey's amended petition was "based on a delusional perception of reality" and that Casey's "disorganization in communication" made it difficult to follow.  (Id. at 14).  Counsel now argues that Casey's mental impairment was constant throughout the AEDPA timeframe, and as a result, he would have been incapable of filing a timely non-defective habeas petition.  (Id. at 18).

Counsel's argument misses the mark.  When a petitioner's mental incompetence causes him to untimely file his habeas petition, the incompetence may constitute an "extraordinary circumstance" for purposes of tolling the AEDPA statute of limitation.  See Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009).  However, a blanket assertion of mental incompetence is insufficient to automatically toll the AEDPA statute of limitation.  Id. ("[M]ental impairment is not *per se* a reason to toll a statute of limitation.").  Rather, the petitioner must show a causal link between the mental condition and the untimely filing. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005)

(holding that the petitioner's claims of lifelong mental impairments "without more, is insufficient to justify equitable tolling"). Here, Casey has not shown a causal link between his alleged mental impairment and the late filing. When the Court appointed Counsel, 187 days remained to file a timely amended habeas petition. While Counsel now argues that Casey could not have filed a timely cognizable petition within the remaining time frame (due to his mental impairment), she has not explained how his impairment prevented his court-appointed attorney from timely raising the incompetency claims on his behalf. In other words, Counsel has not demonstrated a causal link between Casey's impairment and the untimely filing.[13]

---

[13] While Counsel did explain in the two motions for extensions of time that it was necessary to review the voluminous records in both of Petitioner's criminal cases to determine which habeas claims "should be abandoned, amended, or supplemented in each case" (Doc. 23 at 2; Doc. 45 at 4), Counsel does not argue that a large state court record, standing alone, is an "extraordinary circumstance" that justifies equitable tolling of the AEDPA statute of limitation. Indeed, given that large state court records are inherent in habeas petitions, it is difficult to see how the size of the record, standing alone, could ever be an "extraordinary circumstance" justifying equitable tolling. See, e.g., Huber v. Young, No. 3:14-cv-3007-RAL, 2015 WL 300425, at *3 (D.S.D. Jan. 22, 2015) ("The size of the trial record and the steps Huber had to take in order to gain access to it, collectively, do not rise to extraordinary circumstances required for equitable tolling. Congress is presumed to have considered the difficulties regularly faced by petitioners for post-conviction relief, and those regular difficulties do not entitle a petitioner to equitable tolling."); Daly v. Knipp, No. C12-0091 PJH, 2013 WL 2456576, at *5 (N.D. Cal. Jun. 6, 2013) ("Voluminous records of state court proceedings are a common circumstance facing many federal habeas petitioners and do not present extraordinary circumstances that

On March 12, 2022, two and a half years after filing a reply to Respondents' motion to dismiss, Counsel filed a notice of supplemental authority arguing, for the first time, that the Court should grant equitable tolling in this case because the Court granted extensions of time to file his amended petition that took the filing deadline beyond the AEDPA's one-year limitation period. (Doc. 141). As support for the argument, Casey relies on Prieto v. Quarterman, 456 F.3d 511 (5th Cir. 2006) and Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998). In those cases, the death-sentenced petitioners sought extensions that set the deadlines for filing their initial habeas petitions beyond the AEDPA's limitation period. The Prieto court concluded that the petitioner was diligent in securing an extension of time and that the district court's order granting him additional time for the express purpose of filing his initial habeas petition at a later date was "crucially misleading." 456 F.3d at 516.[14]

---

warrant equitable tolling."); Ashley v. Young, No. 5:14-CV-05080-JLV, 2015 WL 13894907, at *6 (D.S.D. Feb. 13, 2015) (finding that the petitioner's "need to review a voluminous trial record that resulted in his 135-year sentence to prepare his state habeas filings does not constitute an extraordinary circumstance").

[14] In Davis, the Fifth Circuit held, as a matter of first impression, that the AEDPA statute of limitation was not jurisdictional. 158 F.3d at 810-11. The court assumed, without deciding, that equitable tolling was justified when the district court granted the petitioner's motion to extend the time for filing his initial habeas petition beyond the limitation period. Id. at 808 n.2.

Casey's case bears little similarity to Davis or Prieto. In those cases, the petitioners moved for, and were granted, extensions of time that set the deadlines for filing their initial habeas petitions beyond the AEDPA limitation period. In this case, Casey had already raised numerous timely claims that could have been amended or supplemented outside the limitation period. And, when Counsel was appointed, Casey had 187 days of the period left to raise new claims. In its order appointing counsel, the Court did not suggest that Casey would receive additional time, beyond the statute of limitation, to raise completely new and unrelated claims. Neither of the Court's orders granting extensions came with any suggestion or assurance that new claims for relief in the amended petition would relate back to the initial petition for timeliness purposes. Accordingly, the orders allowing Counsel additional time to file the amended petition were not "crucially misleading," and Casey is not entitled to equitable tolling based on Davis or Prieto. See Sonner v. Baker, No. 2:00-CV-1101, 2013 WL 1249575, at *7 (D. Nev. Mar. 26, 2013) (finding no relation back where the court granted extensions of time to file an amended petition, and reasoning that the court's orders did not come "with any assurance or suggestion that new claims for relief in the amended petition would relate back to the initial petition for timeliness purposes"); Dixon v. Maholly, 2016 WL 6962585, at *4 (E.D. Pa. Nov. 28, 2016) (finding that new claims

raised in amended petition did not relate back to the timely claims and "[t]he fact that [the petitioner] was granted an extension does not exempt him from the rules governing amendment").

Casey also cites Sossa v. Diaz, 729 F.3d 1225 (9th Cir. 2013) to support his claim for equitable tolling. In Sossa, the petitioner had filed a timely *pro se* federal habeas corpus petition that contained no claims for relief. The court gave Sossa the opportunity to file an amended petition. However, the court granted extensions to file the amended petition that ultimately made it untimely. The district court dismissed the amended petition because there were no claims in the original petition for relation back. The Ninth Circuit held that Sossa was entitled to equitable tolling because the orders granting him extra time to file an amended petition led him to believe that the amended petition would be timely.

Here, unlike the petitioner in Sossa, Casey was not proceeding *pro se* in his amended petition. Counsel was presumably aware of the risk that new claims would be time-barred if they did not relate back to the timely claims Casey asserted in his *pro se* petitions. See Pliler v. Ford, 542 U.S. 225, 231 (2004) ("Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course."); Dominguez v. Williams, No. 2:12-CV-01609, 2014 WL 4635741, at *3

(D. Nev. Sept. 16, 2014) ("[C]ounsel, unlike [petitioner], is not a *pro se* litigant who is inexperienced in the law. Counsel would need to take into account the possibility that an amended petition or an extension of time might run afoul of the statute of limitations."). Also, while Casey's initial complaint and amended complaint contained numerous substantive claims, Mr. Sossa's initial petition contained no substantive claims. The Court's orders granting extensions in this case did not affirmatively mislead Casey or Counsel into believing that the amended petition could contain new and unrelated claims. In other words, Casey could have filed an out-of-time petition containing claims that amended, supplemented, or related back to those timely raised, and those claims would also have been timely. Casey is not entitled to equitable tolling based on Sossa.

Because Casey does not establish an "extraordinary circumstance" justifying the application of equitable tolling to his new claims,[15] the claims raised in the counseled petition must be dismissed as time-barred under 28 U.S.C. § 2244(d).

---

[15] Because the Court finds that Petitioner has not demonstrated exceptional circumstances to justify equitable tolling, the Court need not address the due diligence prong of the Holland standard.

**G. Casey may file a third amended complaint raising claims that relate back to the timely pro se petitions.**

Counsel was appointed in this case because Casey has difficulty expressing his habeas claims. His pro se petitions contained allegations that appeared illogical or even delusional. However, as noted by the Court, Casey also raised claims in his first pro se petition that, if true, could warrant habeas relief. Specifically, he asserted that trial and appellate counsel did not preserve his appellate rights and that trial counsel was ineffective for advising Petitioner to plead guilty—presumably because he had valid defenses to the charges. (Doc. 1 at 4–9).

Petitioner will be allowed a _final_ opportunity to file a timely habeas petition. Counsel should review the earlier (timely) petitions and the state court record to extract any potentially meritorious claims (if they exist) that relate back to the timely-raised claims.

### III. Conclusion

Accordingly, it is hereby **ORDERED**:

1.   The claims raised in the second petition for writ of habeas corpus (Doc. 75) are **DISMISSED** as time-barred.

2.   Within **THIRTY (30) DAYS** from the date on this Order Counsel shall either file a third amended petition containing only claims that relate back to the timely claims _or_ advise the Court that, in her opinion, the original petitions did not contain

meritorious claims.

3.   Mr. Casey's pro se motions (Docs. 133, 135, 137) are **STRICKEN** without prejudice to Counsel filing any new motions deemed necessary.

4.   Mr. Casey's objection to the Magistrate Judge's Orders striking his earlier pro se pleadings (Doc. 136) is **OVERRULED**.

**DONE AND ORDERED** in Fort Myers, Florida on March 18, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA:  FTMP-2

Copies to:  Counsel of Record